## PETITION OF BABETTA BLUMENTHAL.

### FOR A MANDAMUS TO THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Refused November 3, 1888—Opinion April 8, 1889.

[To be reported.]

1. The right to sell liquors under a license granted by the state is personal to the licensee, is not assignable, does not pass to personal representatives, and therefore cannot be transferred unless as expressly authorized by an act of assembly.

2. The act of May 13, 1887, P. L. 108, by which licenses to sell liquor are now regulated, makes no provision for the transfer of licenses, or reference to the subject, and such transfers are therefore governed by § 7, act of April 20, 1858, P. L. 366.

3. Under said act of 1858, the Courts of Quarter Sessions have power to transfer a license to sell liquors granted under the act of 1887, but the power is discretionary and its lawful exercise is not reviewable: Raudenbusch's Petition, 120 Pa. 328.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No.      January Term 1889, Sup. Ct.

On November 3, 1888, Babetta Blumenthal presented her petition representing :

That she resided in the Twelfth ward, Philadelphia, and was the widow of Moses Blumenthal, who died July 7, 1888, having executed his last will and testament, duly admitted to probate, wherein the petitioner was made the life-tenant of testator's real estate, inter alia, the premises at the corner of Fourth and Wood streets, known as the Philadelphia City Hotel.

That before his death the said Moses Blumenthal, as the owner of said hotel, had been granted a license by the Court of Quarter Sessions of the county of Philadelphia, to sell at retail spirituous, malt and brewed liquors, or admixtures thereof, for a period of one year from June 1, 1888, under the act of May 13, 1887, P. L. 108, for which said license said

Statement of Facts.

Moses Blumenthal paid into the county treasury the sum of $500.

That at the time of the death of said Moses Blumenthal said license was subsisting and in full force; that thereafter the petitioner had carried on the said hotel, but had not sold or offered for sale any spirituous or malt liquors; that said Philadelphia City Hotel had been carried on as a public inn for the past century; that the same was declared by the Quarter Sessions for the county of Philadelphia a place of public necessity, and it had been conducted in a reputable and law abiding manner.

"That a petition setting forth the foregoing facts and praying that the license for the said the Philadelphia City Hotel, granted unto the said Moses Blumenthal, be transferred to your petitioner, under the act of assembly, of April 20, 1858, § 7, P. L. 366, was filed and presented to the Court of Quarter Sessions for the county of Philadelphia, August 7, 1888. A copy of said petition is hereunto annexed, marked Exhibit A; and a further petition being a 'compliance with the requisitions of the laws in all respects, except publication,' was attached thereto and made a part of said petition, a copy of which is hereunto annexed, marked Exhibit B.

"That thereafter a time was fixed for a hearing of said petition, and, no objection being made, the same was considered by the said Hon. D. Newlin Fell, Hon. Robert N. Willson, Hon. James Gay Gordon, Hon. F. Amédée Brégy, judges comprising the Court of Quarter Sessions for the county of Philadelphia, and on October 22, 1888, said petition was, arbitrarily and contrary to law and the act of assembly in that behalf, 'refused' by the judges composing the aforesaid court.

"That from the decree of said court refusing to transfer said license there is no appeal, no bill of exceptions, or writ of error, and the action of the said judges of said court being a refusal to grant to your petitioner that which the law entitles her to, she prays that the said judges of said court who heard her said petition, and who refused to grant the same, may be commanded, first, by an alternative mandamus, to show cause why the prayer of said petition or application should not be granted; and secondly, by peremptory mandamus, to do fully all that is

required to be done in justice and by the laws of this common-wealth.

" And your petitioner will ever pray," etc.

*Mr. Jacob Singer* and *Mr. Emanuel Furth*, for the petitioner:

1. A different question is presented here from the one argued and decided in Raudenbusch's Petition, 120 Pa. 328. In the present application, the questions as to whether the original licensee was "a citizen of the United States and a man of good moral character," and whether the place licensed was "necessary for the accommodation of the public," etc., have both been passed upon by the court below affirmatively, and, in the absence of any objection to the person of the petitioner, the sole question for the consideration of the court below, was the power of the court to grant a transfer under existing legislation, in the absence of any specific direction upon the subject in the act of May 13, 1887.

2. The petitioner claimed the transfer of license before the court below under § 7, act of April 20, 1858, P. L. 366, which reads as follows: "No license to vend the liquors aforesaid granted under this on any other law of this commonwealth shall be transferable, or confer any right to sell the same in any other house than is mentioned therein ; nor shall any bar or place where such liquor is sold by less measure than one quart, be underlet by the person licensed to sell thereat, but if the party licensed shall die, remove or cease to keep such house, his, her or their license may be transferred by the authority, granting the same, or a license be granted the successor of such party, for the remainder of the year by the proper authority, on compliance with the requisitions of the laws in all respects, except publication, which shall not in such case be required."

3. Section 7, act of April 20, 1858, is not repealed by the act of May 13, 1887. To repeal a statute by implication, there must be a repugnancy between the provisions of the new law and the old, so positive as to be unreconcilable : Potter's Dwarris, 154. Where a later statute is absolutely repugnant to a former one only in part, it repeals the former one only so far as the repugnancy extends and leaves the remainder in force : Barber Election Case, 86 Pa. 400 ; Commonwealth v.

Erie Ry. Co., 98 Pa. 127; Williamsport v. Brown, 84 Pa. 441; Wayne Co.'s App., 4 W. N. 411; Homer v. Commonwealth, 106 Pa. 221; Harrisburg v. Sheck, 104 Pa. 53; Seifried v. Commonwealth, 101 Pa. 200.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was a petition for an alternative mandamus to the judges of the Court of Quarter Sessions of Philadelphia county, to show cause why they should not grant to the petitioner a transfer of the license of Moses Blumenthal, to sell spirituous and other liquors at the Philadelphia City Hotel. The petition was presented to us at Pittsburgh at the last October term, and was dismissed. No opinion was filed, as we supposed the grounds of our refusal of the writ were sufficiently obvious. We have since then been urged to indicate the reasons for our action, on the ground that there is great doubt and conflict of opinion as to the law and the basis of our decision. In deference to the urgency of this request we will indicate very briefly our views on the question raised by the petition.

While it is true, as was said in Raudenbusch's Petition, 120 Pa. 328, that "neither the petitioner nor any other person in this state has any property in the right to sell liquors," yet it is also true that when the state grants a license to a man for that purpose, the latter acquires a privilege to sell liquors for a specified time, for which he has paid the commonwealth a valuable consideration. The privilege, however, is personal, and is not assignable, nor does it go to the personal representatives in case of death. It follows, therefore, that a license cannot be transferred, unless expressly authorized by act of assembly and in the mode therein prescribed.

The act of 1887, by which the issue of licenses to sell liquor is now regulated, makes no reference to transfers, and they are therefore still governed by the act of April 20, 1858, section 7, P. L. 366. That act provides that "if the party licensed shall die, remove, or cease to keep such house, his, her, or their license may be transferred by the authority granting the same . . . . . on compliance with the requisitions of the laws in all respects, except publication, which shall not in such case be required." The requisitions of the laws under this act permitted a certain discretion, to the authority granting or refus-

ing licenses, and this discretion, now vested in the courts, though still a legal discretion, depending on the law, and not on the individual opinions of the judges, is considerably enlarged by the act of 1887.

The petitioner sets out in her petition that she has complied with all the requisitions of the laws except publication, and that she has had a hearing before the judges of the Quarter Sessions. That is all this court could secure for her on the writ that she asks. She was entitled to a hearing, and if she had been denied that, it could be secured to her by mandamus, but there the remedy ends. The judgment to be pronounced as a result of the hearing, is for the Court of Quarter Sessions, not for us. It is not necessary to further repeat what we have already said in Raudenbusch's Case. The court below had the power, under the act of 1858, to transfer this license, but it was a matter of discretion and not reviewable here. For the reasons above given the petition was

Dismissed.