## Stern's License.

*Liquor laws—Liquor license—Transfer—Rights of owner.*
The granting of a liquor license to the occupant of premises owned by another, does not entitle the owner to demand as a pure legal right that the license be transferred to him upon the removal whether voluntary or by compulsion of the licensee from the premises. The application for transfer in such a case is addressed to the sound legal discretion of the court of quarter sessions; and if the latter court refuses the transfer on the ground that there was no longer any necessity for a retail liquor store at the place and there is nothing to show that the discretion of the court in reaching this conclusion had been abused, the appellate court will not reverse the order.

Submitted Dec. 14, 1904. Appeal, No. 237, Oct. T. 1904, by Meyer Stern, from order of Q. S. Phila. Co., March T., 1904, No. 18, refusing to transfer a retail liquor license in re Application of Meyer Stern. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ., Affirmed.

Application for transfer of retail liquor license. Before AUDENRIED and VON MOSCHZISKER, JJ.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing a transfer.

*George P. Rich,* for appellant.

*Julius C. Haas,* for appellee.

PER CURIAM, March 14, 1905 :
This is an appeal from the refusal of the court of quarter

sessions to make an order upon the appellant's petition, transferring and granting to him the retail liquor license, for the remainder of the license year beginning June 1, 1904, which was granted to, taken out and paid for by Andrew Hauser. The petition was presented in October of the same year. It appears therefrom that the appellant is the owner of the premises, and that under proceedings instituted by him Hauser was evicted therefrom, and possession delivered to the appellant, in September, 1904. Hauser filed an answer protesting for divers reasons against the order prayed for, and averring, amongst other things, that he had a petition then pending in court for the transfer of his license to another place. The court after hearing (we quote the language of the order) " ordered that the prayer of the petition be refused, the court being of opinion, on the evidence, that there no longer exists a necessity for a retail liquor store at the place applied for."

The granting of a liquor license to the occupant of premises owned by another does not entitle the owner to demand, as a pure legal right, that the license be transferred to him upon the removal, whether voluntary or by compulsion, of the licensee from the premises. The application for a transfer in such a case is addressed to the sound legal discretion of the court of quarter sessions: Blumenthal's Petition, 125 Pa. 412. The only thing which gave the applicant in the present case standing to be heard at all in support of his claim to succeed to the rights and privileges for which the licensee had paid was his ownership of the premises from which he had evicted the latter. Doubtless he obtained possession lawfully. He is not to be blamed or made to suffer for ejecting the licensee from the premises in the middle of the license year, if the law permitted it, as we must presume it did. But the possession thus acquired gave him no right or interest, legal or equitable, in the liquor license granted to the former occupant, which the court was bound to regard as paramount to the public interest. As he was required by law—and did so—to set forth in his petition that " the place to be licensed is necessary for the accommodation of the public," we are clearly of opinion that, in view of the issue presented by the petition and answer, the court did not exceed the powers, nor abuse the discretion, vested in it in receiving evidence as to the truth of the

averment. And, as there is no mode whereby the evidence given on the hearing of such an application can be brought upon the record, the court's conclusion of fact, based on the evidence, is not reviewable on appeal. We must assume the truth of the fact set forth in the order; and, this being assumed, it cannot be declared that the reason assigned for the refusal of the application was not a legal reason. Umholtz's License, 191 Pa. 177, upon which the appellant's counsel relies, does not rule the case at bar. There the court of quarter sessions granted the application and the question upon appeal was as to its power to do so, not as to the propriety of its exercise of the power. Here the discretionary power of the court to grant or refuse the application must be conceded, and the only question before us is whether the order, taken in connection with the petition and answer, shows that it was abused. We hold that it does not.

Order affirmed.