Snyder v. Bougher, Appellant.

*Liquor law—Sale—Licensed premises—Sale of license—Conditional sale—Resale.*

While a retail liquor license may not be sold by a trustee in bankruptcy, yet the furniture and fixtures of a licensed saloon together with the un-

expired lease thereof may be sold by the trustee on condition that the license shall be transferred to the purchaser by the license court. If the purchaser abandons his purchase without any attempt to secure a transfer of the license, he will be liable for a loss on a resale.

If in an action to recover such loss it appears that the facts relating to the second sale, were not admitted, and the evidence relied on to show that the two sales were made on the same terms, was in large part oral testimony, the case must be submitted to the jury, and it is error for the court to direct the jury to return a verdict for the plaintiff for the difference between the amounts of the two sales.

Argued Jan. 22, 1905. Appeal, No. 344, Jan. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1902, No. 1,113, on verdict for plaintiff in case of Richard C. Snyder, Trustee of the Estate of James Henry, Bankrupt, v. Martin W. Bougher. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ., Reversed.

Assumpsit to recover for a loss on a resale by a trustee in bankruptcy. Before CARR, J.

At the trial the court charged in part as follows:

[Gentlemen of the jury, you will find in this case a verdict for the plaintiff for $4,689.12.] [1]

[I am requested to say to you on behalf of the plaintiff that: "The measure of damages upon the resale of this property at auction is the difference between the amount bid at the first sale and the amount bid at the third sale, if such sale was made after due notice to defendant upon the same terms and if the sale was made in a fair and reasonable way after proper advertisement. To which should be added the expenses of such sale, less the amount of down-money." I affirm that point. I do not think there is any evidence here on the part of the defendants to meet the plaintiff's case.] [2]

[I have been asked by the defendant to charge you on certain points and those points I refuse.] [3]

The points submitted by the defendant which the trial judge refused were as follows:

1. The learned judge is requested to charge the jury as follows: Your verdict in this case must be in favor of the defendant. [4]

2. Neither the United States court nor its referee in bankruptcy had power to direct a sale of the retail liquor license of James Henry, and the verdict must be therefore in favor of the defendant. [5]

3. The trustee of the bankrupt estate of James Henry, a bankrupt, had no power to sell the retail liquor license issued to said James Henry and the verdict must therefore be in favor of the defendant. [6]

6. The plaintiff having attempted to make a second sale of the liquor license and having had confirmation by the court withheld, thus postponing the actual sale until the license had nearly run out, cannot now hold the defendant liable for the result of the third sale. [7]

8. In order to hold Bougher on his bid at the first sale, it is necessary that the terms of the subsequent sale should be identical with those of the first sale, or at least not varied to an extent making an offer less attractive to bidders. In this case, when Bougher bid, the license had three months to run. The sale at which the license was sold, was in April, and the license had a much shorter period to run.

The terms of sale having been thus varied the verdict must be for the defendant. [8]

11. The learned trial judge is requested further to charge, in the event of his refusing to direct for the defendant, that merely nominal damages can be recovered by the plaintiff, since the ability of the seller to secure a transfer of the license was problematical at best, and dependent on the exercise of judicial discretion by the court of quarter sessions. [9]

12. The learned judge is requested further to charge, in the event of his refusing to direct for the defendant and if it shall be held that the trustee in bankruptcy had power to sell the license and fixtures together with the coercive power of the court to compel the bankrupt to transfer, that if the jury believe the bankrupt gave notice of an intention to remonstrate against the transfer to Bougher on the ground of his unfitness to receive the license, this was sufficient warrant for a recision of the bid by Bougher and the verdict must be for the defendant. [10]

Verdict and judgment for plaintiff for $4,689.12. Defendant appealed.

*Errors assigned* were instructions and refusal of points as above.

*William W. Porter*, with him *Harold Moon*, for appellant.— The district court of the United States has no power to direct, a sale or the trustee in bankruptcy power to sell, a retail liquor license at auction: Buck's Est. 185 Pa. 57; Cronin v. Sharp, 16 Pa. Superior Ct. 76; Ulrich's License, 6 Pa. Dist Rep. 408; Breen's License, 2 Pa. Dist. Rep. 652.

If the plaintiff had a right to sell the retail liquor license of the bankrupt to the defendant, it is contended that on the breach of the contract to buy by the defendant, the plaintiff could not recover more than nominal damages for the breach: Mead's License, 161 Pa. 375; Gross's License, 161 Pa. 344; Ostertag's Petition, 144 Pa. 426; Raudenbusch's Petition, 120 Pa. 328; Brightly v. McAleer, 3 Pa. Superior Ct. 442; Cronin v. Sharp, 16 Pa. Superior Ct. 76; Kelminski's License, 164 Pa. 231; Schlaudecker v. Marshall, 72 Pa. 200; Commonwealth v. Kerns, 2 Pa. Superior Ct. 59.

If damages are recoverable the jury must determine their amount: Brewing Co. v. Booth, 162 Pa. 100; Immendorf's App., 190 Pa. 590.

In order to hold the defendant as bidder at the first sale it was necessary that the terms of the first and subsequent sale should be identical, or at least unvaried to an extent making an offer less attractive to bidders: Weast v. Derrick, 100 Pa. 509; Banes v. Gordon, 9 Pa. 426; Tindle's Appeal, 77 Pa. 201; Freeman v. Husband, 77 Pa. 389.

*Henry N. Wessel* and *John G. Johnson*, with them *John Dolman*, for appellee.—Appellant argues that " The law is well settled that a license to sell liquor is a personal privilege. . It is not assignable by the holder, and at his death it does not go to his representatives. It is not an asset of his estate." This statement, made in 1898, was peculiarly applicable to the facts of the case in Buck's Estate; 185 Pa. 57, but it has since been generally held that it is not, strictly speaking, a personal privilege, but has some of the attributes of property, as is shown by the acts of assembly and the decisions of this court, permitting transfers to landlords of the place licensed upon default

of the licensee, and holding personal representatives of deceased persons to liability for value of the lease (including value of license): Brady's Estate, 21 Pa. Superior Ct. 397; Mueller's Estate, 190 Pa. 601; Buck's Estate, 185 Pa. 57; Grimm's Estate, 181 Pa. 233; Blumenthal's Appeal, 125 Pa. 412.

The United States district court for the eastern district of Pennsylvania, early in the administration of the bankruptcy act, was called upon (In re Becker, 3 Am. B. R. 413, 1899) to decide this question and held that a liquor license was something of value which the bankrupt could assign, and therefore upon an adjudication in bankruptcy the trustee became vested by operation of law with all the rights which the bankrupt had, to wit: the right to assign, subject, of course, to the exercise of the supervisory power of the court of quarter sessions as to the person to whom transfer should be made. This not only follows the direct line of authority in the United States courts, but is also in line with the instinct of common honesty which impels the application of an insolvent's assets, no matter by what name they may be called, to the payment of his liabilities. To the same effect is : In re Fisher, 3 Am. B. R. 406; In re Fisher, 4 Am. B. R. 646; In re Brodbine, 2 Am. B. R. 53; Sparhawk v. Yerkes, 142 U. S. 1 (12 Sup. Ct. Repr. 104); In re Page, 4 Am. B. R. 467; In re Page, 5 Am. B. R. 707.

It is a well-settled point of law that if a bidder at an auction sale refuses to take what was knocked down to him he is liable for the expense and also the loss caused by a resale: Coffman v. Hampton, 2 W. & S. 377; Kerr v. Shrader, 1 W. N. C. 33; Girard v. Taggart, 5 S. & R. 19; Bowser v. Cessna, 62 Pa. 148; Seipel v. Life Ins. & Trust Co., 84 Pa. 47; Ins. Co. v. McAden, 109 Pa. 399.

The facts are undisputed. There was, therefore, nothing for a jury to decide.

The party who dispenses with or prevents or renders impossible performance of a contract, written or verbal, cannot take advantage of nonperformance by the other party: Grove v. Donaldson, 15 Pa. 128; Dickinson v. Calahan, 19 Pa. 227; Wilson v. Crowell, 48 Pa. 58; Whiteside v. Winans, 29 Pa. Superior Ct. 244; Gilkeson v. Snyder, 8 W. & S. 200; Jones v. Sowers, 204 Pa. 329.

458     SNYDER *v.* BOUGHER, Appellant.

Opinion of the Court.                    [214 Pa.

OPINION BY MR. JUSTICE STEWART, March 19, 1906 :

This was an action for damages alleged to have been sustained in consequence of appellant's failure to complete his contract of purchase at a public sale made by a trustee in bankruptcy, under authority of the United States district court for the eastern district of Pennsylvania. The bankrupt whose property was sold, was a licensed retail dealer in liquor in the city of Philadelphia, conducting a saloon in premises leased for that purpose. He was the owner of the furniture and fixtures of the place. Regardless of what was contained in the referee's decree of sale, and in the printed advertisement which closely followed it in the matter of description, the property intended to be sold and which was sold, included nothing but the furniture and fixtures of the saloon, and the unexpired lease of the premises. The order made by the referee, so far as it included the license that had been granted to the bankrupt, was nugatory. A license granted for the sale of liquor could not be made the subject of such sale ; since a license of this character is but a personal privilege, not assignable except as authorized by the act of assembly, and in the mode therein prescribed: Blumenthal's Petition, 125 Pa. 412. The fact that something outside the power of the court to sell was included in the order of sale, could not affect in any way the validity of the order with respect to those articles of property which were properly included. As to these, the order stood as though nothing else was included in it. In some other form of proceeding, the fact that the same mistake appears in the printed advertisement might be of more or less consequence, but in this inquiry it is without any. Appellant does not claim that he was misled by the advertisement. He asserts as the only reason and excuse for his failure to comply with his contract, that the bankrupt whose property he purchased, had given him to understand after the sale that he would resist and prevent the license being transferred to him. That nothing beyond the furniture, fixtures and unexpired lease was intended to be sold, and that buyers must have so understood, is manifest from the fact that in all the printed notices and public announcements, the sale was advertised as a conditional sale, subject, first to the approval of the court, and, second, to the transfer of the license by the license court. The notice given at the sale con-

tained these words : " If the license court fails to transfer the license to the purchaser, there is no sale, and the purchaser will receive his money (the hand money) back." Being a conditional sale of property, depending upon the approval by the court of an application to be made for the transfer of the license to the purchaser, its validity is not open to question. We concede the point urged upon argument, that a license to sell liquor is not the subject of sale, but this circumstance does not affect the present case except in the way we have indicated. The learned trial judge was correct in his view of the law of the case, and the assignments of error that relate thereto, are overruled. But error that requires reversal, was committed in giving binding instructions to the jury to find for the plaintiff the amount expressed by the verdict. This is complained of in the first assignment of error. Whether the true measure of damages in this case was the difference between the price at which appellant agreed to buy and the price obtained at the second sale, depends on whether the second sale was a fair one and made upon the same terms as the first in every material respect. But before this measure could be applied, a finding by the jury was necessary with respect to these facts. The facts were not admitted, and the evidence relied on to establish them was in a large part oral testimony. This necessarily drew the case to the jury. It matters not how conclusive and overwhelming the testimony, it was for the jury and it alone to pass upon the credibility of the witnesses, and place the correct construction upon the language they used : Reel v. Elder, 62 Pa. 308. This is settled law, and its disregard must prove fatal in every case where properly excepted to.

Judgment reversed and venire facias de novo awarded.