## Whitlock's License.

*Bankruptcy—Assets—Liquor license—Transfer of license.*

1. A liquor license granted to a person after he has been adjudicated a bankrupt, belongs to him personally, and not to his receiver in bankruptcy, and the receiver has no right to sell such a license as an asset of the bankrupt's estate.

*Liquor laws—Transfer of license—Petition for transfer—Contents of petition.*

2. The granting a liquor license to the occupant of premises, owned by another, does not entitle the owner to demand, as a pure legal right, that the license be transferred to him upon the removal, whether voluntary or by compulsion, of the licensee from the premises. The application for the transfer in such a case is addressed to the sound legal discretion of the court of quarter sessions.

3. Under the Acts of April 20, 1858, P. L. 365, June 15, 1897, P. L. 297, and May 17, 1901, P. L. 263, a petition for the transfer of a liquor license must set forth all the facts necessary under existing laws for original applications for liquor license. These three acts are in pari materia, and must be construed with reference to each other. If the facts are not set forth as provided by the seventh section of the act of April 20, 1858, the transfer will be refused.

Argued Dec. 15, 1908. Appeal, No. 123, Oct. T., 1908, by John M. Whitlock, from order of Q. S. Phila. Co., March Sessions, 1908, No. 1,811, granting petition of Jacob Staehle, Receiver, and Edward H. Curtis, Jr., for transfer of a liquor license In the Matter of the Retail Liquor License granted to John M. Whitlock. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER. Reversed.

Petition for transfer of a retail liquor license.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order granting the transfer.

*F. Chapman*, of *Chapman & Chapman*, with him *Robert E. Erwin*, for appellant.

*Preston K. Erdman*, with him *Robert W. Finletter*, for appellee.

OPINION BY MORRISON, J., February 26, 1909:

John M. Whitlock, appellant, had been for five years prior to 1908 a retail liquor licensee of premises No. 7944 Frankford avenue, known as the Green Tree Hotel. On February 7, 1908, he filed an application for a renewal of his license as a retailer for said premises for the year beginning June 1, 1908. On February 29, 1908, a petition was filed in the United States district court for the eastern district of Pennsylvania, praying that appellant be adjudicated an involuntary bankrupt. On March 9, 1908, Jacob Staehle was appointed receiver by said court. On March 25, 1908, the appellant was adjudged a bankrupt, and on the same day the receiver sold at public sale, with the fixtures, lease, etc., the license to sell liquor at retail at No. 7944 Frankford avenue for the year ending June 1, 1908, which license had theretofore been granted to said bankrupt. On April 11, 1908, no application having been previously made by the receiver or trustee in bankruptcy, or by the purchaser at receiver's sale, for any substitution, the court granted the petition of the appellant for a retail license for the said premises for the year commencing June 1, 1908. On April 18, 1908, the receiver presented to the court a petition asking for a transfer to Edward H. Curtis, Jr., of the appellant's license, granted to him for the year commencing June 1, 1908. This petition is as follows: "That on the Twenty-fifth day of March, A. D. 1908, John M. Whitlock, having a retail liquor license at No. 7944 Frankford Avenue, in the Thirty-fifth Ward of the City of Philadelphia, granted by this Honorable Court, was duly adjudged and decreed a bankrupt, by the District Court of the United States for the Eastern District of Pennsylvania, cause No. 3051, and Jacob Staehle, your petitioner, was appointed Receiver of the Estate of John

M. Whitlock, the said Bankrupt, that pursuant to the order of the said United States District Court the said license was duly sold by your petitioner at public sale, on the twenty-fifth day of March, A. D. 1908, to Edward H. Curtis, Jr., that on the twenty-seventh day of March, A. D. 1908, the sale of the said license as aforesaid was approved and confirmed by the Honorable John B. McPHERSON, Judge of the said United States District Court, therefore, your petitioner prays your Honorable Court to transfer and grant the retail license granted the said John M. Whitlock, bankrupt, for the year beginning June 1, 1908, located at No. 7944 Frankford Avenue, in the Thirty-fifth Ward of the City of Philadelphia, to Edward H. Curtis, Jr. And he will ever pray and, etc., Jacob Staehle."

On April 18, 1908, said Curtis, who in the meantime had become the owner of the premises at No. 7944 Frankford avenue, petitioned the court to grant him an original license for said premises. This petition is too lengthy to be quoted here, and it is sufficient to say that it is simply a regular original petition for a retail liquor license and nowhere in it is any ground laid or reason given or prayer for a transfer of the license granted to the appellant for the year beginning June 1, 1908. But on April 29, 1908, Edward H. Curtis, Jr., presented what he called a supplemental petition which is largely made up of recitals in regard to Whitlock's bankruptcy, licenses, etc., and it is not necessary to quote this petition in full. It avers that the petitioner has purchased the premises No. 7944 Frankford avenue, known as the Green Tree Hotel, and that the petitioner expects to conduct the same as a hotel. After several recitals it avers an order from the United States district court authorizing the receiver to sell at public sale the bankrupt's said retail liquor license, lease, good will, stock and fixtures of said premises, No. 7944 Frankford avenue, the sale to be subject to the transfer of the said license by your honorable court; that on March 25, 1908, the receiver caused the said license, etc., to be offered as an entirety at public sale and the petitioner purchased the same for the lump sum of $6,600; that on March 27, 1908, the said sale was confirmed by the said district court, subject to the transfer of the license to your petitioner by your honorable

court; that the sale was intended to include the license for the year beginning June 1, 1907, and the bankrupt's inchoate right to the license for the year beginning June 1, 1908, and the said receiver has accordingly filed his petition for the transfer of both licenses to your petitioner; that the receiver took possession of said premises No. 7944 Frankford avenue; that your petitioner is ready and willing to pay the license fee and costs of the license for the year beginning June 1, 1908. The petitioner concludes with a prayer for the transfer of said license to himself, evidently meaning the license to Whitlock for the year commencing June 1, 1908, because in the second paragraph of the petition the license for the year beginning June 1, 1907, is referred to and it was sold to Curtis by the receiver and was transferred to him with the consent of Whitlock. We note in the petitions of Curtis that he does not state when he became the owner of premises No. 7944, except by saying it was in April, 1908. He avers that the receiver's sale was intended to sell to him the appellant's inchoate right to the license for the year beginning June 1, 1908.

The appellant filed a remonstrance on April 26, 1908, against the transfer of his license for the year beginning June 1, 1908, to Curtis, and among other grounds he averred that said license was acquired after he was adjudicated a bankrupt and, therefore, it belongs to him personally and not to his receiver in bankruptcy, and he denied that said receiver had any interest therein and denied that he could sell or convey the same to Curtis or anybody else. In addition to this, Whitlock filed an answer on May 1, 1908, to the supplemental petition of Edward H. Curtis, Jr., in which he specifically denied that the sale by the receiver was for·any license except for the one beginning June 1, 1907, and he denies that the receiver intended to or could sell his inchoate right to the license for the year beginning June 1, 1908. He further avers in his answer that the auctioneer so stated at the receiver's public sale that he only sold the license for the year beginning June 1, 1907, and he attaches to his answer a copy of the handbill and notice of sale published by the receiver, and makes it a part of his answer, and it shows that the receiver sold only the license for the year ending June 1, 1908.

Upon this state of the record there was a hearing on May 1, 1908, presumably on the question of a transfer of the appellant's license for the year beginning June 1, 1908, to Curtis, although the record is not very clear upon this question. But the record does show that the court held the matter under advisement and subsequently made the following order, which appears to have been made on the petition of Curtis, filed April 18, 1908, for an original license: "And now May 29, 1908, on motion of petitioner, and after hearing in open court, it is ordered that the prayer of the petitioner be granted." If this order was made on the petition of May 18, 1908, it is difficult to understand why it is considered an order of transfer, yet it appears to be the order from which the appeal is taken. We can only infer that it is meant to grant a transfer under the petition of Jacob Staehle hereinbefore referred to and the supplemental petition of Edward H. Curtis, Jr., of April 29, 1908. If we attach this order to these petitions, it can be understood as a transfer order; otherwise, it would only appear to be a granting of an original license to Curtis on his petition of April 18, 1908. So far as that petition is concerned, we cannot see that it furnishes any basis or ground for the transfer of Whitlock's license for the year beginning June 1, 1908, except it may be construed to show that Curtis is a fit man to have a retail liquor license.

This somewhat tedious recital of facts brings us to the consideration of the question involved, to wit: do the petitions in connection with the remonstrance and answer on the part of Whitlock, which are in the record, establish the jurisdiction of the court to transfer Whitlock's license, against his consent, which he obtained after he was adjudicated a bankrupt?

By the terms of the act of congress it is enacted that the trustee shall be vested "with the title of the bankrupt as of the date he was adjudicated a bankrupt." In Collier on Bankruptcy (6th ed.), p. 589, the author says: "Stated broadly, the rule is that the trustee takes all the property of the bankrupt, whether in possession or in action, at the time the petition was filed, subject, of course, to the new rule as to vesting just considered. But he acquires title only to that which the bankrupt had at that time. Property not then owned but acquired before the

adjudication and surely property acquired after it and before the discharge, does not vest in the trustee, but becomes the bankrupt's, clear of the claims of all creditors, save those after the commencement of the proceedings or those who, for statutory reasons, are not affected by the discharge." It therefore seems clear that the right and title to the license granted to the appellant on April 11, 1908, was his, and it was not affected by the bankruptcy proceeding, nor did the receiver or trustee have any interest in it or control over it. This is so because the appellant was adjudicated a bankrupt seventeen days before the license for the year beginning June 1, 1908, was in existence. The whole structure of the appellee's argument in support of this transfer, against appellant's objection and protest, rests on the sale of the appellant's inchoate right to a license for the following year. This is not sound for several reasons: (a) This license when granted belonged to appellant; (b) the receiver and trustee had no interest in it, nor did the creditors of appellant who existed at the time he was adjudicated a bankrupt; (c) the license was to operate in futuro and the appellant had no right to it and no property in it until it was granted and it couldn't be sold, over his objection, before it was granted.

We are mindful of the rule that we are limited to an inquiry of whether the record properly justifies the court in awarding the transfer. In Stern's License, 27 Pa. Superior Ct. 538, we said: "The granting of a liquor license to the occupant of premises owned by another does not entitle the owner to demand, as a pure legal right, that the license be transferred to him upon the removal, whether voluntary or by compulsion, of the licensee from the premises. The application for a transfer in such a case is addressed to the sound legal discretion of the court of quarter sessions: Blumenthal's Petition, 125 Pa. 412." And further along in the opinion will be found: "And, as there is no mode whereby the evidence given on the hearing of such an application can be brought upon the record, the court's conclusion of fact, based on the evidence, is not reviewable on appeal. We must assume the truth of the facts set forth in the order; and, this being assumed, it cannot be declared that the reason assigned for the refusal of the application, was not a legal reason."

Confining our consideration to the record proper we are led to the conclusion that the petitions, taken all together, do not confer jurisdiction on the court below to take the appellant's license, granted on May 11, 1908, and, under the guise of a transfer order, hand the same over to the appellee in the teeth of the objections and protest of appellant.

We have considered carefully the contention that the appellant had no right to enjoy his license in the premises at No. 7944 Frankford avenue. If this fact can be gathered from the record, it does not authorize the court to arbitrarily transfer the license to the appellee. We cannot now determine that the appellant could not have secured another place and have had his license transferred thereto, and if he had succeeded in so doing, it is highly probable that his license was of considerable money value. The learned court below had very recently adjudged him a fit man to have a license by granting it to him, and it would be a violent presumption to suppose that the said license, as it stood immediately before the transfer order of May 29, 1908, was not a valuable privilege to the appellant.

But there is a further reason for holding that this transfer is invalid. The law regulating the transfer of a retail liquor license from one person to another begins with the Act of April 20, 1858, P. L. 365. The seventh section of that act reads: "That no license to vend the liquors aforesaid, granted under this or any other law of this commonwealth, shall be transferable, or confer any right to sell the same in any other house than is mentioned therein; . . . . But if the party licensed shall die, remove or cease to keep such house, his, her or their license may be transferred by the authority granting the same," etc. It has been so many times held that to warrant a transfer under this act, the petition must aver that the licensee had died, removed or ceased to keep the house, that the rule is very familiar to the courts and lawyers. If we apply this rule to the present petitions, they must fail, because neither singly nor altogether do they aver any one of the three grounds above quoted. The next legislation on the subject of transfers, which has been called to our attention, is the Act of June 15, 1897, P. L. 297, as amended by the Act of May 17, 1901, P. L. 263. The said act of 1897, as

amended, simply provides that the "judges of the several courts of the commonwealth having authority under existing laws to grant licenses for the sale of vinous, spirituous, malt or brewed liquors, are hereby authorized to transfer such licenses from one person to another, or from one place to another within the same precinct, ward, city or borough as the court may determine. Any transfers of license, whether for wholesale or retail of such liquors, under the provisions of this act may be made during the regular term of court or in chambers during vacation, when the applicant or applicants for said transfers shall have presented to the court a petition, setting forth all the facts necessary under existing laws for original applications for liquor licenses."

Now, it will be observed that without following the provisions of the act of 1858, the act of 1897, as amended by the act of 1901, does not provide what the petition for transfer shall contain or aver, except that the petition shall set forth all the facts necessary under existing laws for the original application for liquor licenses. In our opinion, the act of 1858 and the two subsequent acts relating to transfers of liquor licenses, are in pari materia, and must be construed with reference to each other. We reach this conclusion because of the absence of anything in the latter acts indicating a repeal of the requirements in the seventh section of the act of 1858.

As we view the law, the appellee did not present sufficient reasons in his petitions to warrant the court in making the transfer. As we have already seen, his first petition of April 18, 1908, does not contain a word in regard to a transfer of any license. It is very clear that the petition of Jacob Staehle of April 16, 1908, is not sufficient to warrant a transfer of the appellant's license to Curtis, and we are also of the opinion that the supplemental petition of Curtis, dated April 29, 1908, does not lay grounds sufficient to warrant the court in transferring the appellant's license to the petitioner.

The assignments of error are sustained and the order or judgment transferring the appellant's license to Edward H. Curtis, Jr., is reversed, and the petitions are dismissed at the costs of the appellee, Edward H. Curtis, Jr.