## Private Employment Agencies.

*Employment agency — License — Death of licensee — Continuance of the agency—Act of June 7, 1915, P. L. 888.*

It is not lawful for the executors or administrators of the estate of a licensed employment agent to conduct or operate the employment agency under the license of the decedent during the residue of the term of such license.

Department of Justice. Opinion to R. E. Lansburg, Secretary of Labor and Industry.

MOYER, Dep. Att'y-Gen., May 27, 1925.—You have advised this department that a certain licensee who conducted a private employment agency under

license granted by you died recently and the executors of his estate are desirous of continuing the operation of said agency under the license of the deceased. You have inquired whether it is lawful for the executors of the estate of the deceased licensee to conduct said private employment agency under the license of the decedent during the remainder of the term of said license or until said estate is settled?'

The licensing of employment agents or agencies is done under the provisions of the Act of June 7, 1915, P. L. 888. I find no provision in this act referring in any way to the rights under an employment agency license in case of the death of the licensee.

The act of assembly here in question was passed in pursuance of the police powers vested in the State legislature in order to control and regulate the employment agency business to protect the public against the frauds that are readily possible in a business of this character. That this was the purpose of the act is conclusively shown by the provisions of the act itself. For instance, a bond is required to be furnished by the applicant to the amount of $1000, with proper surety, conditioned for the faithful observance by the employment agent of the provisions of the act and the rules and regulations issued thereunder, and that the employment agent shall meet all obligations, damage or loss accruing to any person dealing with the employment agent by reason of any contract of such agent, or resulting from any fraud, excessive charges, misrepresentations or wrongful act of such employment agent or his employees or agents in connection with the business so licensed. Furthermore, the Secretary of Labor and Industry shall refuse to issue a license if he finds the applicant is unfit to engage in the business, or has had a license previously revoked, or that the business is to be conducted on or immediately adjoining unsuitable premises, or for any other good reason existing within the meaning of the law. In addition, the Secretary is authorized to revoke any license granted for violation of the provisions of the act or the rules and regulations issued thereunder. The employment agent is also held responsible for every untrue statement he or his agents make regarding any employment.

A license such as is granted under the provisions of this act is in the nature of a special privilege and not a right common to all: Port Royal M. Co. v. Hagood, 9 S. E. Repr. 686, 3 L. R. A. 841. It is not a property right: Littleton v. Burgess, 82 Pac. Repr. 864; or a contract: Reser v. Umatilla Co., 86 Pac. Repr. 595. A license to pursue a given occupation or business is a personal privilege which terminates at the holder's death. It is not assignable by the holder, and at his death it does not go to his representatives. It is not an asset of his estate: Blumenthal's Petition, 125 Pa. 412; Buck's Estate, 185 Pa. 57. There may be some modification to this rule under circumstances which would render a transfer equitable where the license fee is a special tax for a certain trade or business. This, however, is not applicable here because of the fact that the act in question cannot be said to be a taxing act. The fee of $50, required to be paid by the applicant, is hardly more than necessary to meet the operating expenses of the State bureau required to attend to the enforcement of the provisions of the act and the rules and regulations issued in pursuance thereof. The provisions of the act previously referred to, as well as other provisions of the act providing for the inspection of the agencies and the prohibition against various types of employment agency business conclusively indicate that the act was passed by the legislature strictly as a police power measure. In addition, in section 5 of the act, it is provided that the license issued shall not be transferable.

Therefore, I am of the opinion, and so advise you, that it is not lawful for the executors or administrators of the estate of a deceased licensee to conduct or operate in any manner an employment agency under the license of the decedent during the residue of the term of such license.

From C. P. Addams, Harrisburg, Pa.