## Kisslinger's Appeal

*Joseph Longo* and *Victor Braddock*, for appellants.

*Linn H. Schantz*, special deputy attorney general, for Pennsylvania Liquor Control Board.

LAUB, P. J., December 23, 1946.—This is an appeal from an order of the Pennsylvania Liquor Control Board (hereinafter called the board) revoking the restaurant liquor license no. R-5039, issued to petitioners, who are husband and wife, for premises known as 865 East Fourth Street, City of Bethlehem, Northampton County.

The hearing de novo on said appeal was fixed for Monday, April 22, 1946, at 10 a.m., in Courtroom No. 1. Said hearing was held on the date originally fixed, with

both sides appearing through counsel, and appellants being present in open court and testifying.

From the record as made, we make the following findings of fact:

1. That appellants, John Kisslinger and Olga Kisslinger, are husband and wife and citizens of the United States of America, and of the State of Pennsylvania, and reside at 865 East Fourth Street, Bethlehem, Northampton County, Pa.

2. That the Pennsylvania Liquor Control Board under date of February 1, 1945, issued to appellants as husband and wife a restaurant liquor license No. R-5039, for premises known as 865 East Fourth Street, Bethlehem, Northampton County, Pa., under the name of The Kisslinger's Cafe, for the license year beginning February 1, 1945, and ending January 31, 1946.

3. That the Pennsylvania Liquor Control Board, under date of February 1, 1946, issued to appellants as husband and wife a restaurant liquor license no. R5039 for premises known as 865 East Fourth Street, Bethlehem, Northampton County, Pa., under the name of The Kisslinger's Cafe, for the license year beginning February 1, 1946, and ending January 31, 1947.

4. That appellants were cited by the board for the following reasons:

"(a) The board is in possession of facts which lead it to believe that you have violated the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended and the rules and regulations promulgated thereunder, in the manner following:

"(b) On or about September 27, 1945, in the Court of Quarter Sessions of Lehigh County, at no. 19½, September sessions, 1945, you, John Kisslinger, were convicted of a felony and sentenced to pay a fine of $100 and costs and further sentence of imprisonment was deferred during good behavior."

5. That at the hearing before the examiner of the board it appeared that on September 27, 1945, in the Court of Quarter Sessions of Lehigh County to no. 19½, September sessions, 1945, one of the appellants, John Kisslinger, was convicted of a felony and sentenced to pay a fine of $100 and costs, and further sentence of imprisonment was deferred during good behavior.

6. That at the hearing de novo the certified copy of the indictment against appellant, John Kisslinger, as found by the grand jury of the Court of Quarter Sessions of Lehigh County was offered in evidence.

7. That said indictment shows that said appellant, John Kisslinger, was indicted for abortion, which is a felony under the provisions of The Criminal Code of June 24, 1939, P. L. 872, sec. 4718.

8. That appellant, John Kisslinger, was found guilty by a jury on the aforesaid indictment, and was sentenced by the Hon. James F. Henninger, president judge of the Court of Quarter Sessions of Lehigh County, to pay a fine of $100 and costs of prosecution, and further sentence of imprisonment was deferred during good behavior.

9. That the penalty imposed by the board was the revocation of appellants' restaurant liquor license.

10. That Olga Kisslinger, one of the appellants, was not a participant in the offense for which her husband was found guilty and sentenced.

11. That Linn H. Schantz, special deputy attorney general for the board in the County of Northampton, entered his appearance for the said board.

12. That Justin D. Jirolanio, Esq., entered his appearance for appellants, who were present in person in open court and testified.

## Discussion

Counsel for appellants contends that the license issued to the husband and wife was a license by the

entireties, and therefore it could not be revoked for the reasons aforesaid.

With this contention we cannot agree. Estates by the entireties are favorites of the Commonwealth of Pennsylvania and many illustrations of legal estates by the entireties are set forth in Willis v. Willis, 27 Northampton 381.

It has been well settled that a husband and wife may hold personal property, choses in action, as well as real estate, as tenants by the entireties: Willis v. Willis, supra, at p. 387, and cases there cited.

However, a liquor license issued to a husband and wife does not create an estate by entireties.

The nature of a liquor license has been defined in Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, at p. 259, as follows:

"A liquor license, even when granted, is not a property right. It is only a privilege: Grime v. Dept. of Public Instruction, 324 Pa. 371, 381, 384; Harris v. State Board, 287 Pa. 531, 538, 539, 135 A. 237; Blumenthal's Petition, 125 Pa. 412, 415, 18 A. 395; Buck's Est., 185 Pa. 57, 60, 39 A. 821; Mueller's Est., 190 Pa. 601, 603, 42 A. 1021; Beer Co. v. Mass., 97 U. S. 25, 33. It may be taken away by the governing authorities without compensation to the holder."

"A retail liquor license held in two or more names should be revoked as to all licensees upon proof that one of them is guilty of violation of the liquor laws": Panichi's License, 41 D. & C. 256 (syllabus).

On page 258 of the opinion in the last mentioned case it is stated as follows:

"It appears that Esaia Panichi and Ida Panichi are husband and wife, but irrespective of that we hold that where a license is held in two or more names, and one of the licensees becomes a violator of the liquor laws, the license ought to be revoked as to all. We find no authority for the revoking of a license as to one and permitting the rest to operate under such license."

"A Pennsylvania liquor license issued to two persons may be suspended because of the violation of the liquor laws committed by only one of the licensees": Pompeo's License, 57 York 84.

The opinion in the last mentioned case does not state whether Nina and Antonio Pompeo are husband and wife, but nevertheless we approve of the legal principle set forth in the syllabus.

The Act of June 16, 1937, P. L. 1762, 47 PS §744-410 provides, in part, as follows:

"Upon learning of any *violation of this act*, or any laws of this Commonwealth relating to liquor, alcohol, or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the United States of America relating to the tax payment of liquor or malt or brewed beverages by any licensee, his officers, servants, agents or employes, *or upon any other sufficient cause shown*, the board may . . . cite such licensee . . . to show cause why such license should not be suspended or revoked . . . if satisfied that any such violation has occurred, *or for other sufficient cause*, the board shall immediately suspend or revoke the license . . ." (Italics supplied.)

The Superior Court of Pennsylvania recognized the reasonableness and validity of this section in Commonwealth v. Lyons, 142 Pa. Superior Ct. 54, wherein it held:

"Where it is proven that a holder of a liquor license has admittedly violated the criminal laws forbidding bookmaking, gambling, etc., plead guilty thereto and has been imprisoned, sufficient cause has been shown to justify the board in revoking the license under the Act of June 16, 1937, P. L. 1762."

"Where the Pennsylvania Liquor Control Board refused a hotel liquor license to an applicant who, within two years preceding the date of application for license,

had been convicted by a jury of committing larceny (a felony) with a recommendation of mercy, and had been sentenced to make restitution of the goods stolen in money amounting to $85.00 and costs of prosecution (the restitution money and costs of prosecution were paid), and sentenced to undergo imprisonment for a period of two years, but prison sentence was suspended and the applicant placed on probation for such period of time, the said Board is justified in refusing to grant a liquor license to him.

"Under such circumstances the applicant is not a person of good repute as defined in section 403 of the Act of June 16, 1937, P. L. 1762": Hirsch's Liquor License Appeal, 29 Northampton 253 (syllabus).

"In a proceeding to revoke a liquor license, the indictments to which the licensee plead guilty are admissible in evidence": Commonwealth v. Lyons, 142 Pa. Superior Ct. 54 (syllabus).

By analogy it necessarily follows that an indictment on which the licensee was found guilty is also admissible in evidence.

We have found the same findings of fact as did the board. This being so, we have no authority to change the penalty imposed by the said board.

"Where, on an appeal . . . by a restaurant liquor licensee from an order of the board revoking his license, the court of quarter sessions, after a hearing de novo, sustains the findings of the board, the penalty imposed by the board must stand; the court may change the penalty only to accord with its findings, if it makes findings of fact different from those of the board": Pacewicz Liquor License Case, 152 Pa. Superior Ct. 123 (syllabus).

And now, December 23, 1946, the order of the Pennsylvania Liquor Control Board revoking appellants' license is affirmed at the cost of appellants.