## Taylor's License.

*Liquor law—Retail license—Vacation of premises—Discretion of court.*

An order of the license court refusing a retail liquor license for premises in an outlying section of a borough will not be reversed because the court in its opinion said: "We cite the fact that the long established policy of this court has been to confine liquor licenses to the more centrally located houses which are constantly under the observation of many citizens, and of the authorities, and at the same time are sufficiently convenient to all the patrons living and visiting in and about the borough." In such a case there is no abuse of discretion in refusing the license.

Argued Nov. 20, 1917.   Appeal, No. 171, Oct. T., 1917, by Charles H. Taylor, from order of Q. S. Chester Co., refusing a retail liquor license In re petition of Charles H. Taylor.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition for a retail liquor license.   Before HAUSE, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing the license.

*W. S. Harris,* for appellant, cited: Raudenbusch's Petition, 120 Pa. 328; McCann's License, 65 Pa. Superior Ct. 80; Worthington's Application, 22 Pa. Dist. Rep. 429; Chilcott's License, 61 Pa. Superior Ct. 552.

*Robert S. Gawthrop,* for appellee, cited: Schlaudecker v. Marshall, 72 Pa. 200; Raudenbusch's Petition, 120 Pa. 328; Fanning's License, 23 Pa. Superior Ct. 622; Venango County Liquor License, 58 Pa. Superior Ct. 277.

OPINION BY TREXLER, J., December 13, 1917:

The court filed the following opinion: "In connection with the application of Charles H. Taylor for a license at the Subway House, located in an outlying section of Coatesville, we cite the fact that the long established policy of this court has been to confine liquor licenses in Coatesville to the more centrally located houses which are constantly under the observation of many citizens and of the authorities, and at the same time are sufficiently convenient to all patrons living and visiting in and about Coatesville. Notwithstanding the fine repu- tation of this applicant, we believe his location and surroundings make it improper to grant his application."

No person has a right to demand a license to sell liquors. The privilege is to be granted only when the proper person applies, and when the license is necessary. The discretion of the court is large "and is to be exercised primarily for the public good and secondarily for the private interest": Schlaudecker v. Marshall, 72 Pa. 200; Venango Co. Liquor Licenses, 58 Pa. Superior Ct. 277 (298). We cannot convict the lower court of an abuse of discretion in the case before us. The location of

the place where the sales are to take place must be set out in the petition.    The court in its judgment may deem one place better than another.    Although the applicant may be a proper person and the demand for the license may be great, if, in the judgment of the court the granting of the license would likely cause disorder and have a bad influence on the morals of the community the court may refuse it, and grant the license at another place where such conditions would not be as likely to follow. We do not wish it to be understood that a court, which would refuse all licenses because in its opinion the general effect of the sale of liquors is bad, is exercising a proper judicial discretion.    Both of the appellate courts of this State have expressly decided the contrary.    However, in the consideration of a particular license, the effect of the granting of the license upon the good order and morals of the locality, apart from the general effect of the sale of liquors may be considered.    "In determining the question of necessity for the particular license sought for, the court should consider these inseparable incidents of the business as well as the public demands for it": Venango Co. Liquor Licenses, supra.    If the court came to the conclusion that in Coatesville the demands of the drinking public can be best met by licensing fit persons having their places of business in the center of the town, we think we have no right to interfere, and to say such demand would be better supplied if the licenses were spread out over the whole town.

We do not read the opinion of the lower court as binding it, apart from its own judgment, to "the long established policy of the court to grant licenses only in the more central portion of the town," but rather as expressing its approval of the rule.    Nor do we think that the court refused the license solely because of the lack of proper police protection in the locality, but very properly considered this in connection with the other facts in the case.

The order of the court is affirmed.