## Taylor's License.

*Liquor law—Retail license—Refusal of license—Discretion of court.*

The determination of the fitness of an applicant for a retail liquor license, and what is a legal necessity for the granting of the license, depends upon facts which are to be determined primarily by the licensed court. It is not necessary that the fitness of the applicant be directly challenged, or that the necessity for the house be demonstrated by proof of a former occupancy of the premises by a licensee. The change in character and volume of population through the erection of new buildings, schools, churches, manufacturing plants, etc., may materially affect the necessity for such a license, or the propriety of continuing one in that location. The arguments presented in earlier applications, and the ground for the court's action therein, are not controlling, as each case must be decided upon its own facts at the time the decree complained of is entered.

Argued April 25, 1918. Appeal, No. 111, Oct. T., 1918, by James Taylor, from order of Q. S. Chester Co., March Sessions, 1918, refusing a retail liquor license In re Application of James Taylor for Retail Liquor License at Hotel Taylor. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license.
The court refused the application making the following order: "March 20, 1918, after hearing the license, as prayed for, is refused." No opinion was filed.

*Error assigned* was the order of the court.

*Truman Diller Wade,* for appellant.—The fitness of the applicant, James Taylor, was not questioned. He held a license in Chester County for more than sixteen years, part of the time in the Borough of Phœnixville, and later at the Taylor House in Coatesville. This

house he built in 1902 and was its first licensee. During all this time, except when he originally sought a license at his new house, no remonstrance or objection had ever been filed against him.

At the March sessions in 1918 licenses were sought in Coatesville by four applicants. The court refused three of these applications because of the unfitness of the applicants. The fourth applicant, James Taylor, was refused a license because the court anticipated that if a license were granted to him, his place would probably be so overcrowded as to make it almost impossible for him to enforce the legal restrictions.

The discretion which the Court of Quarter Sessions has in passing on applications for licenses is judicial in its nature, and should be exercised with due regard to the petitions and evidence in each case. Kelminski's License, 164 Pa. 231; Geman's App., 169 Pa. 43; Raudenbusch's Petition, 120 Pa. 328; Donoghue's License, 5 Pa. Superior Ct. 1; Snyder's App., 4 Pa. Superior Ct. 648; Chester County Liquor License, 23 D. R. 922.

*Robert S. Gawthrop,* for appellees.—With a city of 15,000 inhabitants, largely made up of a floating foreign and colored element and the experience of the lower court in having to revoke licenses in the hands of men who were apparently as competent as the present applicant, there can be no doubt that one retail liquor license in the heart of the business section of the city would be wholly unable to cope single handed and alone with the overwhelming patronage and enormous bar trade that would constantly seek it, and that the impossibility of this one applicant's being able to enforce the legal restrictions upon the sale of liquor, and at the same time maintain proper conditions inside his house and outside, would result in a menace which the court had a right to consider in passing on the application.

The lower court came to the conclusion that in Coatesville the demand of the drinking public is such in point

of size and character that a single retail liquor license at the Taylor House would seriously incommode the public and destroy the good order of the locality, the appellate court has no right to interfere, because, it is respectfully submitted that the lower court acted well within its judicial discretion under the law.

PER CURIAM, July 10, 1918:

This appellant presented his petition for a retail liquor license in the City of Coatesville. A remonstrance was filed protesting against the granting of the license for two reasons, involving first, the fitness of the person, second, the necessity for the license, etc. After due consideration, the court made the following order, "March 20, 1918, after hearing, the license, as prayed for, is refused." In a carefully considered opinion, Judge TREXLER announced the views of this court in Taylor's License, 68 Pa. Superior Ct. 543, "No person has a right to demand a license to sell liquors. The privilege is to be granted only when a proper person applies, and when the license is necessary. The discretion of the court is large, and is to be exercised primarily for the public good and secondarily for the private interest: Schlaudecker v. Marshall, 72 Pa. 200; Venango Co. Liquor Licenses, 58 Pa. Superior Ct. 277 (298). The location of the place where the sales are to take place must be set out in the petition. The court in its judgment may deem one place better than another. Although the applicant may be a proper person and the demand for the license may be great, if, in the judgment of the court the granting of the license would likely cause disorder and have a bad influence on the morals of the community the court may refuse it, and grant the license at another place where such conditions would not be as likely to follow. We do not wish to be understood, that a court, which would refuse all licenses because in its opinion the general effect of the sale of liquors is bad, is exercising a proper judicial discretion. Both of the appellate courts of this

State have expressly decided the contrary. However, in the consideration of a particular license, the effect of the granting of the license upon the good order and morals of the locality, apart from the general effect of the sale of liquors may be considered. In determining the question of necessity for the particular license sought for, the court should consider these inseparable incidents of the business as well as the public demands for it": Venango Co. Liquor Licenses, supra. The answer to the questions: who is a fit applicant, and what is a legal necessity for the granting of the license? depends upon facts which are to be determined primarily by the license court. It is not necessary that the fitness of the applicant be directly challenged, or that the necessity for the house be demonstrated by proof of a former occupancy of the premises by a licensee. The records of the court may disclose convincing proof of the unfitness of the applicant, or the license court may have personal knowledge of important facts that are not disclosed by the record. The change in character and volume of population through the erection of new buildings, schools, churches, manufacturing plants, etc., may materially effect the necessity for such a license, or the propriety of continuing one in that location. These are questions peculiarly for the license court in the first instance, and in this case they have been fully considered without any abuse of discretion, and resulted in a decree which meets the requirements of the law. The arguments presented in earlier applications and the ground for the court's action therein, are not controlling, as each case must be decided upon its own facts at the time the decree complained of is entered.

We find no assistance, in determining this appeal, from an examination of the opinions filed in the former application made by this appellant. The statute regulating the granting of licenses is clear, and has been frequently construed. It is only necessary for the record to show that there has been a fair hearing, and a due

consideration in the exercise of a judicial discretion, inducing a final decision.

The decree is affirmed, appeal dismissed and costs to be paid by appellant.