## Elite Social Club and Debating Society Liquor License Case.

Submitted December 11, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*J. Myron Shimer,* Special Deputy Attorney General, *Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

No one appeared or filed a brief for appellee.

OPINION BY KELLER, P. J.:

The Elite Social Club and Debating Society appealed to the Court of Quarter Sessions of Philadelphia County from the order of the Pennsylvania Liquor Control Board, entered May 21, 1943, after citation and full hearing, revoking the club liquor license issued to said club, to be effective June 21, 1943, and forfeiting its license bond, for repeated violations of the law governing such licenses and the rules and regulations of the board promulgated thereunder.[1]

---

[1] The charges set forth in said citation were:

1. That the organization is not a bona fide club but is

The appellant society complained that the board in its opinion referred to two previous citations for violations of the Liquor Control Act as follows:

"This is the third time this licensee has been cited for violations of the Pennsylvania Liquor Control Act.

"On June 9, 1939, a citation was issued against the 1938-1939 Club Liquor License held by Elite Social Club and Debating Society, and after hearing the board found that the licensee (a) sold liquor and malt or brewed beverages to non-members, (b) was conducting and maintaining a place where liquor and malt or brewed beverages were unlawfully sold, and (c) maintained gambling devices and permitted gambling on the licensed premises. Subsequently thereto, on August 16, 1939, the board suspended the license for a period of thirty-five (35) days, and thereafter accepted an offer in compromise and rescinded its order of suspension.

"On March 14, 1940, a citation was issued against the 1939-1940 club liquor license held by Elite Social Club and Debating Society, and after hearing the board found the licensed organization (a) sold liquor and beverages between the hours of three o'clock ante meridian and seven o'clock ante meridian, and (c) was conducting and maintaining a place where liquor and malt or brewed beverages were unlawfully sold. Subsequently thereto, on May 16, 1940, the board suspended

---

operated for the benefit of Hugh Ziegler and John McGrath.

2. Falsification of the application for license.
3. Business not operated through duly elected officers.
4. Failure to charge and collect dues from members.
5. Persons admitted to membership without written application, investigation and ballot.
6. On four stated occasions liquor and malt or brewed beverages were sold on the premises to non-members.
7. Complete and truthful records not kept.
8. Records deliberately falsified.
9. Unexplained shortage in reported cash income.
10. Alcoholic beverages are unlawfully sold.

the license for a period of forty-five (45) days, and thereafter accepted an offer in compromise and rescinded its order of suspension.

"Therefore, the board finds that this licensee has heretofore violated the provisions of the Pennsylvania Liquor Control Act and the regulations of the board relating to liquor, alcohol and malt or brewed beverages; that the aforesaid allegations contained in Citation No. 333, 1942, are sustained by the evidence and that a severe punishment is warranted."

The club contended that having paid the respective penalties affixed to those violations, they could not be considered in imposing the penalty for a third violation. There is no merit in the contention. Sec. 610 of the Liquor Control Act of 1933, P. L. Sp. Sess. 1933, 15, 34, and its amendments, authorizes a distinction between the penalty imposed for a first violation and a second or subsequent offense; and the Act of April 29, 1929, P. L. 854, repealed but re-enacted by the Penal Code of 1939, P. L. 872, sec. 1108, provides for severer penalties for certain second and subsequent convictions of crime, the idea being to impose a light penalty on first offenders, but to increase the penalty for recurrent offenders. Where the circumstances warrant it, a license may be revoked on a first violation: *Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326.

On appeal the court below upheld the action of the board in revoking the club's license but set aside the order forfeiting the license bond. The board appealed. The order setting aside the forfeiture of the bond will be reversed and the order of the board reinstated.

We pointed out in *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 127-8, 31 A. 2d 361, that "The legislature, in committing by the amendment of 1937 [June 16, 1937, P. L. 1762], the original power of revocation and suspension to the Liquor Control Board, instead of to the several courts of quarter sessions, was,

no doubt, moved by the laudable desire to have one body, the board, pass upon those matters and impose the penalties for violation, thus securing a reasonable uniformity of action, rather than have sixty-seven separate jurisdictions impose them according to the varying ideas of the different judges. We see no other compelling reason for the change."

Accordingly, we held in that case that if the court, on appeal, finds the facts to be in accordance with the findings of the board, the penalty imposed by the board stands. It is only where the court on hearing the appeal finds the facts to be different from those found by the board that it may impose a less or more severe penalty than the board. See also, *Mami's Liquor License Case,* 144 Pa. Superior Ct. 285, 291, 19 A. 2d 549; *Yatsko's Liquor License Case,* 149 Pa. Superior Ct. 97, 25 A. 2d 778.

The findings of the board, approved by the court, were, inter alia, (6) that the club sold liquor and malt or brewed beverages to non-members; and (10) the club is conducting and maintaining a place where liquor and malt or brewed beverages are unlawfully sold. These findings justified the forfeiture of the license bond: *Revocation of Mark's License,* 115 Pa. Superior Ct. 256, 176 A. 254; *Com. v. Tillman,* 322 Pa. 338, 340, 185 A. 639.

The order of the court below, in so far as it sets aside the forfeiture of the licensee's bond, is reversed and the order of the board is reinstated as entered. Costs to be paid by the Elite Social Club and Debating Society, appellee.

Per Curiam, January 25, 1945:

The foregoing opinion had been prepared by President Judge Keller before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court,