## Pine Grove Fish and Game Protective Association Liquor License Case.

Argued December 14, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent.)

*Martin F. Hatch,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

No one appeared or filed a brief for appellee.

OPINION BY KELLER, P. J.:

This case is governed by our decisions in *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 127, 31 A. 2d 361, *Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326, and *Elite Social Club and Debating Society Liquor License Case,* 156 Pa. Superior Ct. 457, 40 A. 2d 883. Accordingly, the order of the court below will be reversed and the order of the board will be reinstated.

The board after citation and hearing found (1) that the licensee had sold malt or brewed beverages to non-members; (2) that it maintained gambling devices and permitted gambling on the licensed premises, and (3) that it is conducting and maintaining a place where malt or brewed beverages are unlawfully sold; and it imposed a penalty of suspension of the license for a period of thirty days.

The licensee appealed to the court of quarter sessions, which after a hearing de novo did not reverse the findings of the board but held in extenuation of said violations (1) that the sales to non-members were not shown to have been wilful violations, but were due to the fact that the bartenders did not personally know all the 500 members of the club, and sold the malt or brewed beverages to non-members thinking they were members; and

(2) that the licensee should not have its license suspended for operating, and permitting the illegal operation of, slot machines and similar gambling devices on the licensed premises, because such machines are commonly being operated in that county without interference or interruption by the local law enforcement officers; and (3) that as this was the licensee's first citation the penalty was too severe.

None of the reasons advanced by the court warrants its action in reversing the order of suspension entered by the board.

(1) If bartenders do not personally know all the members of the club, they should make inquiry of such as they do not know before selling them liquors.

(2) The fact that local law enforcement officers are generally neglecting to enforce the law respecting gambling and operating gambling devices in their districts is no reason why the *liquor* enforcement officers should not enforce the liquor control act and the rules and regulations promulgated thereunder. It is not a legal excuse on behalf of a law violator that others are violating the law without being punished. It was that disregard of the law by juries in certain localities and their refusal to punish *any* violator because *every* violator was not being punished, that brought discredit on the enforcement of the Prohibition Amendment. It is certainly not a valid *judicial* reason for refusing to enforce the law.

(3) The board, not the court, is the authority to decide whether, when, and what leniency is to be granted to offenders, when the facts are not really in dispute. The law was amended in 1937, giving to the board original jurisdiction in the revocation and suspension of licenses, instead of conferring it on the respective courts in the 67 counties of the state, so as to have uniformity in the consideration and imposing of penalties rather than have them vary with the differing views and opinions of the individual judges.

As long as the court, on appeal, does not find the facts to be otherwise than as found by the board, it does not have authority to decrease or increase the penalty imposed by the board or to set it aside.

The order of the court below is reversed and the order of suspension for thirty days imposed by the board is reinstated, to begin ten days after the return of the record to the court below. Costs to be paid by the appellee, Pine Grove Fish and Game Protective Association.

PER CURIAM, January 25, 1945:

The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.