## Sterling's Appeal

*J. Harry Morisini*, for appellants.

*Peter P. Jurchak*, for Pennsylvania Liquor Control Board.

HOBAN, J., November 10, 1947.—This is an appeal from refusal of Pennsylvania Liquor Control Board to issue a restaurant liquor license in place of a retail dispenser's license for premises known as Swiss Cottage, Rocky Glen Park, Moosic Borough, in this county. The board rejected the application for two reasons:

First, the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-2002, prohibits the issue of a restaurant liquor license and, second, "the record of the establishment as operated by the applicants under their malt beverage license does not indicate that it is a place of sufficiently good reputation to qualify as eligible for a liquor license".

By stipulation of counsel the appeal was submitted to the court upon the record of testimony taken before the examiner for the board, and no additional testimony was presented at the hearing on the appeal.

The refusal to issue a restaurant liquor license in place of a retail dispenser's license on the sole ground of limitation of the quota law is an abuse of discretion due to a misapprehension of the law: Inch's Appeal, 56 D. & C. 320, which has been consistently followed by this court.

But the determination of the repute of the establishment is a matter for the board to find as a fact. Having found the fact contrary to appellant's interest, if there is legally competent evidence to sustain the board's finding, the appeal should be dismissed. The purpose of appeal is to prevent an unreasonable or arbitrary exercise of power or an abuse of discretion on the part of the Liquor Control Board. See cases collected in annotations to 47 PS §744-404, particularly under note five.

In an appeal from the revocation of a license the Superior Court said:

"If the court, on appeal, finds the facts to be in accordance with the findings of the board, the penalty imposed by the board stands. It is only where the court on hearing the appeal finds the facts to be different from those found by the board that it may impose a less or more severe penalty than the board": Elite Social Club License, 156 Pa. Superior Ct. 457.

The same reasoning applies to the power of the court of quarter sessions to sustain or refuse appeals

from the action of the board in refusing to issue, renew or transfer licenses.

" 'Restaurant' shall mean a reputable place, operated by responsible persons of good reputation . . .": Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, section 2, as amended, 47 PS §744-2.

The record shows that the premises in question are operated as a large food dispensing place in an amusement park owned and operated by appellants, and for some years malt beverages have been sold there under a retail dispenser's license. This license was suspended in 1940 for a month because of Sunday sales, for a month in 1943 because of Sunday sales and frequenting by minors, and for the month of January 1947 for sales to minors and frequenting by minors. In 1943 both appellants were arrested for Sunday sales, allowing minors to frequent the premises, and employing minors. Benjamin Sterling was fined $100 on the Sunday sale charge and the case against Mae Sterling was nol prossed.

Several letters were submitted to the board and included in the record from officials and business men of Moosic Borough affirming the good repute of the place and its proprietors.

There may be differences of opinion as to the meaning of the word "reputable" as used in the Liquor Control Act. But in view of the principles expressed above we are limited in our inquiry as to whether the board arrived at its conclusion in an arbitrary and unreasonable manner.

Where the evidence shows a series of violations of the Beverage License Law in the premises and under the ownership of the applicants for the liquor license, we cannot say that the decision of the board that the establishment as so operated is not of sufficiently good repute to qualify for a liquor license is either arbitrary or unreasonable.

Now, November 10, 1947, the appeal is dismissed.