# East End Ex-Service Men's Association Liquor License Case.

Argued November 14, 1947. Before Rhodes, P. J., Hirt, Dithrich, Ross, Arnold and Fine, JJ., (Reno, J., absent).

*Andrew G. Uncapher,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy. Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellant.

*Edward C. Boyle,* for appellee.

Opinion by Arnold, J., April 14, 1948:

The Liquor Control Board made appropriate findings of fact that the licensee, East End Ex-Service Men's Association, (a) refilled State Store Liquor bottles; (b) sold liquor and malt beverages to non-members; (c) sold these between the hours of 3:00 A.M. and 7:00 A.M. It therefore revoked the license.

The licensee's appeal to the court below was heard de novo, and at this hearing the board called witnesses, who testified fully in substantiation of the offenses charged and the facts found by the board. The testimony of these witnesses was undenied, and the licensee offered no evidence to refute the charges. Without making findings of fact the court below reversed the board, restored the license privilege, but changed the penalty by ordering a fifteen day suspension. The Liquor Control Board appealed.

To reverse the order of the board *concerning a matter in its discretion* it was incumbent upon the court below to make *specific* findings of fact different from those of the board, and it is without power to change or set aside the penalty in the absence of new findings. A general verdict, as pronounced in the instant case, is insufficient: *Reichwein Liquor License Case,* 160 Pa. Superior Ct. 71, 73, 49 A. 2d 869, and cases therein cited.

In the opinion of the court below it was stated: "The testimony of all the witnesses being considered, it is the judgment of this Court that the allegations have not been *sufficiently* sustained." (Emphasis supplied). This is not a specific finding of *fact,* nor does the court point out any insufficiency or to what it relates. The court also stated in its order: ". . . the appeal is sustained, the Court finding the facts to be *otherwise* than as found by the Pennsylvania Liquor Control Board." (Emphasis supplied). This statement does not take the place of specific findings of fact, and does not conform with our decisions. Since the court itself imposed a penalty, it

must have found that at least a part of the charges were sustained, and did not find *all* of the facts "to be otherwise."

The evidence produced by the board being undenied, it was particularly requisite that the court below, if it assumed to reverse the board's findings, make appropriate and specific findings. The undenied testimony was, so far as we can determine, not weakened by cross-examination. It is a capricious disbelief of testimony if "an apparently trustworthy witness, whose testimony one of ordinary inteligence could not possibly challenge or entertain the slightest doubt as to its truth," is wilfully and deliberately disbelieved.[1] If the witnesses testified falsely, the court should so find. The court below cannot refuse to believe the witnesses merely because the board's order was more severe than the court thought proper.

All we now decide is that the proceedings were irregular because the court below did not make specific findings of fact that under the evidence the licensee was innocent, or that no violation of the law occurred, or that specific testimony was disbelieved or untrue. See *Reichwein Liquor License Case,* 160 Pa. Superior Ct. 71, 73, 49 A. 2d 869, and the cases therein cited. Since the opinion of the court below indicates that it may have disbelieved some of the testimony uncapriciously, we will remand the case for findings of fact.

The order of the court below is reversed with a procedendo.

Ross, J., dissents.

---

Disenting Opinion by Ross, J.:

I would affirm the order of the court below.

The trial judge found the "facts to be otherwise" than found by the board. In my opinion, this is just as specific as a finding that "the licensee did not refill

---

[1] *Pusey's Estate,* 321 Pa. 248, 262, 184 A. 844.

State Store liquor bottles, did not sell liquor to non-members, did not sell between the hours of 3:00 A. M. and 7:00 A. M."

The burden of proving the alleged violations of law was upon the board and the court concluded the burden had not been met. The factual issues were for the court who saw and heard the witnesses. *East Side Democratic Club Liquor License Case,* 160 Pa. Superior Ct. 136, 50 A. 2d 514. Whether the board met its burden of proof was for the trier of fact since only factual issues were involved.

The appellant's *only* statement of question involved reads as follows: "In an appeal from an order of the Pennsylvania Liquor Control Board revoking a club liquor license and forfeiting the license bond, may the County Court of Allegheny County, after hearing de novo, modify the order of revocation and bond forfeiture to a short suspension, where the board's order is based primarily upon the licensee's unlawful sale of liquor and refilling of Pennsylvania Liquor Store bottles, which violations are not denied by the licensee?" In effect, the appellant contends that since *oral* testimony of its agents that violations had occurred was not contradicted, the court was bound by that testimony. In my opinion, this contention is clearly unsound.

The credibility of witnesses and the weight to be given their testimony were for the trial court. *Samson's Appeal,* 124 Pa. Superior Ct., 110, 188 A. 82. A trier of fact is not required to accept even uncontradicted testimony as true, (*District of Columbia's Appeal,* 343 Pa. 65, 21 A. 2d 883) unless there is a capricious disbelief of the testimony, and to charge a trier of fact "with capricious disbelief, it must be so flagrant as to be repugnant to a man of reasonable intelligence": *Pusey's Estate,* 321 Pa. 248, 263, 184 A. 844. From a reading of the record in this case, it is my opinion that the trial court was not bound to accept as true the uncontradicted oral testimony of the Liquor Control Board's witnesses.