## Greene-Dreher Legion Home License

*Sidney L. Krawitz*, for appellant.

*Peter J. Jurchak*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

DAVIS, P. J., July 12, 1949.—This matter comes before the court on appeal of Greene-Dreher Legion Home Corporation, of Greene Township, Pike County, Pa., from refusal of the Pennsylvania Liquor Control Board to grant a club license. The board assigned the following reasons for its refusal to grant the license:

"(a) Greene Township, Pike County, has a quota of one license for the retail sale of liquor and malt beverages and at the present time there are two licenses in effect in the said municipality of the type counted against the quota.

"(b) There are in existence in the said municipality one restaurant liquor license, one malt beverage eating place license and one hotel liquor license.

"(c) The fact that the quarters occupied by the applicant organization may be considered as being located within a resort area, has no bearing on the matter for the reason that under a club liquor license the sale of alcoholic beverages are limited to bona fide members of the licensed club. Persons coming into the area during the vacation season could not lawfully be accommodated by the club in the matter of the sale of alcoholic beverages."

The reasons set forth in paragraphs "a" and "b" of the refusal after hearing obviously apply to the Liquor License Quota Act of June 24, 1939, P. L. 806, sec. 2, 47 PS §744-1002. We agree with the interpretation of the board that clubs come within the quota law, and so held in appeal of Wilson-Fischer Post Memorial Hall Association, 11 Monroe 5.

It is admitted that the premises are situated within a resort area. This fact brings us to a consideration of the Act of June 24, 1939, P. L. 806, sec. 3, 47 PS §744-1003, which reads as follows:

"The Pennsylvania Liquor Control Board shall have the power to increase the number of licenses in any

such municipality which, in the opinion of the Board, is located within a resort area."

Is this section broad enough to include club licenses? The title of the act is as follows:

"An Act limiting the number of licenses for the retail sale of liquor, malt or brewed beverages, or malt and brewed beverages, to be issued by the Pennsylvania Liquor Control Board; defining hotels, and prescribing the accommodations required of hotels in certain municipalities."

The title and preamble of a law may be considered in the construction thereof: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 54, 46 PS §554. Therefore, we will consider the word "licenses" mentioned in section 3 as meaning licenses for the retail sale of liquor. Is a club license a license for the retail sale of liquor? The question has been decided in the affirmative by the Supreme Court in Blauner's, Inc., et al. v. Philadelphia et al., 330 Pa. 342 (1938), in which the court said in part:

"A club transaction is surely a 'transfer of . . . possession . . . for a consideration . . .' The ordinance carries its own definition. We are, therefore, unconcerned with the technical requisites, urged by counsel, of a sale at common law, or with the meaning of the same term in the special context of other enactments, such as the Brooks High License Law and the Mercantile License Tax Act construed in the cases cited: Klein v. Livingston Club, 177 Pa. 224; Union League v. Ransley, 39 Pa. Superior Ct. 514; Com. v. Meyers, 62 Pa. Superior Ct. 223. Our latest pronouncement, not restricted to the construction of any statute, is that 'the ordinary meaning of a "sale" is a transfer . . . of title to property for a consideration. These requisite elements are present when a member of a club orders a drink and pays for it. The Club corporation purchases liquor and resells it just as any

other vendor; the only difference is that its customers are limited to its membership': Benner v. Tacony Athletic Association, 328 Pa. 577, 580."

Since the act in question was passed more than a year after the Blauner case was decided we must assume that the legislature at the time of the passing of the act was familiar with the decision in this case. What is there in the plain language of the act to suggest that club licenses are excluded? We can find nothing. The legislature knew that under club licenses sales of alcoholic beverages were restricted to members. Therefore, if they desired to exclude this type of license from the provisions relating to resort areas it is only reasonable and logical to assume that it would have done so by express language in the act. The legislature may have had in mind that the issuance of club licenses would take club members from premises holding restaurant licenses thereby increasing the facilities for the accommodation of resort patrons. Neither the court nor the board has the right to pursue what it may believe to be the spirit of the law when the words of the law are clear and free from ambiguity.

"The question is primarily one of interpretation. The 'Statutory Construction Act' of May 28, 1937, P. L. 1019, sec. 51, at page 1023, provides, inter alia: 'The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. . . . When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.' This is a statutory expression of an established canon of interpretation. 25 R. C. L. p. 962, sec. 217, says: '. . . The statute must be given its plain and obvious meaning' (citing U. S. v. Plowman, 216 U. S. 372, and decisions of the highest courts of many states): Marson v. Philadelphia et al., 342 Pa. 369, 371."

The term "licenses" is used in both sections 2 and 3 of the act. If we hold under section 2 this term includes club licenses consistency demands that we ascribe the same meaning to the same term in the subsequent section.

If this were the only question in the case under our interpretation of the resort area statute it would be required that the board be reversed and the license directed to be issued. However, the legislature did not place the granting of licenses in the courts. In its wisdom it set up the Pennsylvania Liquor Control Board for this purpose. Only if the court finds that the board has abused the discretion given to it by the statute can the license be directed to issue.

The Pennsylvania Liquor Control Act of November 29, 1933, Spec. Sess., P. L. 15, art. IV, sec. 403, as amended, 47 PS §744-403, provides, inter alia:

". . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club, may, in its discretion, issue a liquor license: . . ."

The stated reason of the board for refusing to grant the license being that section 3 of the Quota Act relating to resort areas, supra, did not apply to clubs, we would usurp the discretionary powers granted to the board by statute if we directed a license issue without requiring the board to exercise its discretion taking all the facts in the case in consideration.

"By a long line of decisions we have held that the proceedings are irregular where, *on a matter within the board's discretion,* the court of quarter seesions, without making specific and different findings of fact, undertakes to alter, change or rescind the discretion exercised by the board,—usually a penalty imposed: Appeal of East End Ex-Service Men's Association, 162 Pa. Superior Ct. 512, 58 A. 2d 194, and the cases

cited therein": Azarewicz Liquor License Case, 163 Pa. Superior Ct. 459, 461, 462.

Therefore, we will refer the matter back to the board so that, considering all the facts in the case, it may exercise the discretion granted to it by statute.

For the information of the board we state there is before the court a stipulation of counsel that on March 9, 1949, the board did grant a restaurant liquor license to Fred R Wagner, individually, of the Township of Greene, Pike County.

And now, to wit, July 12, 1949, the appeal is sustained to the extent that the matter is referred back to the Pennsylvania Liquor Control Board for disposition, without prejudice to appellant to appeal from the final order of the board.